```
                   UNITED STATES DISTRICT COURT
                    MIDDLE DISTRICT OF FLORIDA
                          TAMPA DIVISION
```

LEEDOM MANAGEMENT GROUP, INC. and
PAYMAXX PRO, LLC,

    Plaintiffs,
v.                              Case No. 8:11-cv-2108-T-33TBM

SUSAN PERLMUTTER and SIGMA PAYMENT
PROCESSING, INC.,

    Defendants.
_____/

## ORDER

    This matter comes before the Court pursuant to Plaintiffs' Noticed Motion for a Temporary Restraining Order Ex Parte Against Defendant Perlmutter and Order to Show Cause why a Preliminary Injunction Should not Issue (Doc. # 26), which was filed on December 20, 2011.  For the reasons that follow, the Court grants the Motion for Temporary Restraining Order as follows.

**I.  Discussion**

    On the basis of Plaintiffs' Complaint (Doc. # 1), Motion (Doc. # 26) and the Affidavit of Christopher M. Leedom (Doc. # 26-3) this Court finds that Plaintiffs met their initial burden for the issuance of a Temporary Restraining Order against Perlmutter, pursuant to Federal Rule of Civil Procedure 65 and Local Rule 4.05, M.D. Fla., as follows:

1.  The Court finds a reasonable likelihood that Plaintiffs will

succeed on the merits of their claims against Perlmutter, including their claims that Perlmutter misappropriated trade secrets, breached her contract, and tortiously interfered with a business relationship, among other claims. Christopher Leedom's affidavit contains a detailed description of facts establishing that Perlmutter has utilized Plaintiffs' confidential information, including customer lists, and is directly competing with Plaintiffs using Plaintiffs' own proprietary information. (Doc. # 26-3). Specifically, Leedom states, "Perlmutter founded her own companies, Perlwood Holdings and Pearl Payments, which directly compete with Leedom." Id. at ¶ 22. Leedom also indicates that Perlmutter directed Plaintiffs' employees (Vanessa Woods and Justin Duncan) to operate her competing companies. Id. Furthermore, Leedom avers that Perlmutter has solicited Plaintiffs' clients. Id. at ¶¶ 31-36.

2. Accordingly, the Court finds that Plaintiffs demonstrated a meaningful risk of irreparable harm in the absence of a TRO. The injuries Plaintiffs face include (1) loss of goodwill; (2) damage to Plaintiffs' reputation; and (3) use by Perlmutter of Plaintiffs' confidential, proprietary, and trade secret information against Plaintiffs' interest. As stated in Int'l Hair & Beauty Sys., LLC v. Simply Organic, Case No. 8:11-cv-

2

1883-T-30AEP, 2011 U.S. Dist. LEXIS 127336, at *27 (M.D. Fla. Sept. 26, 2011), "the loss of customers and good will is an irreparable injury and is difficult to measure" and "irreparable harm may be suffered if [Defendant] continues to solicit customers from Plaintiffs' customer list."

3. The public interest will be served by the issuance of a TRO. Specifically, a TRO will serve the public interest by preserving faith in the contractual agreements that businesses routinely make with their employees, by upholding the terms of enforceable contracts, and by protecting trade secrets, such as customer lists, from unlawful use and disclosure.

4. Plaintiffs' counsel, Debra Dawn, Esq. filed a declaration stating that she provided notice of the Motion for Temporary Restraining Order to Perlmutter prior to filing the Motion. (Doc. # 26-2).

## II. TRO Duration

Accordingly, this Court grants Plaintiffs' Motion for Temporary Restraining Order. The Temporary Restraining Order is effective once adequate security has been provided to the Court as specified below, and will remain in effect through and including January 5, 2012, at 5:00 p.m. Any motions for an enlargement of the TRO must demonstrate good cause and must be filed in accordance with the requirements of Federal Rule of

3

Civil Procedure 65(b)(2).

### III. Security

The Court determines that the security required of Plaintiffs in connection with the issuance of this Temporary Restraining Order is $10,000.00. The same amount was determined to constitute a reasonable security against the risk of wrongful restraint on similar facts in <u>International Hair & Beauty Systems v. Simply Organic, Inc.</u>, Case No. 8:11-cv-1883-T-30AEP, 2011 U.S. Dist. LEXIS 127374 (M.D. Fla. Nov. 3, 2011).

This Order shall not take effect until Plaintiffs tender to the Clerk of the Court $10,000.00. Bond, cash and certified bank checks are accepted in the Clerk's office; however, credit cards are not accepted.

### IV. Prohibited Business Activities

**It is hereby ordered** that Perlmutter, and all other persons or entities in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in, competing with Plaintiffs within 50 miles of any place Plaintiffs conduct business, soliciting Plaintiffs' clients, or disclosing Plaintiffs' trade secret or confidential information.

**It is additionally ordered** that Perlmutter, and all other

persons or entities in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from, or assisting others in, soliciting Plaintiffs' clients, or disclosing Plaintiffs' proprietary, trade secret or confidential information.

V.  **Maintenance of Records**

**It is further ordered** that Perlmutter, and all other persons or entities in active concert or participation with her who receive actual notice of this Order by personal service or otherwise, whether acting directly or indirectly, are hereby enjoined from:

A.  Failing to create and maintain books, records, accounts, bank statements, current accountants' reports, general ledgers, general journals, cash receipt ledgers, cash disbursement ledgers and source documents, documents indicating title to real or personal property, and any other data which, in reasonable detail, accurately, fairly and completely reflect the incomes, disbursements, transactions, dispositions, and uses of Perlmutter's assets;

B.  Destroying, erasing, mutilating, concealing, altering, transferring, or otherwise disposing of, in any manner,

5

> directly or indirectly, any Documents, including electronically-stored materials, that relate in any way to the business practices or business or personal finances of Perlmutter; or to the business practices or finances of entities directly or indirectly under the control of Perlmutter; and
>
> C. Failing to maintain or destroying records of communications with any of Plaintiffs' clients, vendors or suppliers.

## VI. Motion for Preliminary Injunction

Plaintiffs filed a related Motion for Preliminary Injunction on December 5, 2011. (Doc. # 17). That Motion was referred to the Honorable Thomas B. McCoun, III, for issuance of a Report and Recommendation. (Doc. # 18). Perlmutter's response to the Motion for Preliminary Injunction is due on January 3, 2012, as stated in the Court's December 20, 2011, Order. (Doc. # 25). It should also be noted that the Magistrate Judge has scheduled a hearing on the Motion for Preliminary Injunction, which is scheduled to take place on January 5, 2012, at 10:00 a.m. The present TRO is issued to protect Plaintiffs from irreparable injury prior to the Preliminary Injunction hearing.

## VII. Distribution of Order by Perlmutter

**It is further ordered** that Perlmutter shall immediately

provide a copy of this Order to each of her corporations, subsidiaries, affiliates, divisions, directors, officers, agents, partners, successors, assigns, employees, attorneys, agents, representatives, sales entities, sales persons, telemarketers, independent contractors and any other Persons in active concert of participation with her. Within five (5) calendar days following service of this Order by Plaintiffs, Perlmutter shall file with this Court and serve on Plaintiffs, an affidavit identifying the names, titles, addresses, and telephone numbers of the persons and entities Perlmutter served with a copy of this Order in compliance with this provision.

**VIII.** **Service of this Order by Plaintiffs**

**It is further ordered** that copies of this Order may be served by facsimile transmission, personal or overnight delivery, or U.S. Mail, by agents and employees of Plaintiffs, on (1) any Defendant in this action; and (2) any other person or entity that may be subject to any provision of this Order. Service upon any branch or office of any entity shall effect service upon the entire entity.

In addition, to the extent it has not already done so, Plaintiffs shall attempt to accomplish service of this temporary restraining order and other relevant documents in accordance with Local Rule 4.05(b)(5).

Accordingly, it is hereby

**ORDERED, ADJUDGED,** and **DECREED:**

(1) Plaintiffs' Noticed Motion for a Temporary Restraining Order Ex Parte Against Defendant Perlmutter and Order to Show Cause why a Preliminary Injunction Should not Issue (Doc. # 26) is **GRANTED** consistent with the terms outlined above.

(2) The Temporary Restraining Order is effective immediately upon payment of $10,000.00 in security as specified above, and will remain in effect through and including January 5, 2012, at 5:00 p.m., unless the TRO is extended in accordance with Federal Rule of Civil Procedure 65(b)(2).

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 21st day of December, 2011 at 4:45 p.m.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to:  All Parties of Record

8