UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEEDOM MANAGEMENT GROUP, INC.
and PAYMAXX PRO, LLC,

        Plaintiffs,

v.                                    CASE NO.: 8:11-cv-2108-T-33TBM

SUSAN PERLMUTTER and SIGMA
PAYMENT PROCESSING, INC.,

        Defendants.
_____/

<u>**ORDER**</u>

This cause is before the Court pursuant to Defendant
Susan Perlmutter's Motion to Dismiss (Doc. # 7), which was
filed on October 10, 2011.  Plaintiffs filed a Response in
Opposition to the Motion to Dismiss (Doc. # 12) on October 31,
2011.  Also before the Court is Perlmutter's Motion to Strike
Plaintiffs' Response in Opposition to Perlmutter's Motion to
Dismiss and to Strike the Affidavit of Christopher Leedom
filed in Support of such Response (Doc. # 13), filed on
November 9, 2011.  Plaintiffs filed a Response in Opposition
to the Motion to Strike (Doc. # 14) on November 11, 2011.

For the reasons that follow, the Court grants in part and
denies in part both the Motion to Dismiss and the Motion to
Strike.

**I.    <u>Background</u>**

Plaintiffs Leedom and Paymaxx are Florida companies with

their principal place of business in Sarasota, Florida. (Doc. # 1 at ¶¶ 2-3). Paymaxx is in the business of providing automated clearing house and credit card processing services to the automotive industry. Id. at ¶ 8. Leedom is the "common paymaster" for Paymaxx. Id. at ¶ 9. Defendant Susan Perlmutter worked for Leedom as Vice President of Paymaxx from February 14, 2011, to June 17, 2011. Id. at ¶¶ 10, 15. Perlmutter has since moved to Tennessee. Id. at ¶ 4.

When Perlmutter commenced her employment with Plaintiffs, she signed "nondisclosure, nonsolicitation, and noncompetition covenants" contained in her employment offer letter. Id. at ¶¶ 11-14. Nevertheless, during her employment with Plaintiffs, Perlmutter founded her own competing companies and copied and confiscated Leedom's documents containing private and confidential information for use in her competing businesses. Id. at ¶ 16. Also, during her employment with Plaintiffs, Perlmutter directed two of Leedom's employees to work with her on her competing business projects. Id. at ¶ 17.

After her employment was terminated, Perlmutter "commenced a telephone, mail, and email campaign to solicit Leedom's clients to leave Leedom and continue their business" with Permutter's competing businesses. Id. In addition, Perlmutter has "used Leedom's confidential information and

2

trade secrets for Perlmutter's benefit." Id. at ¶ 18.

On September 16, 2011, Plaintiffs filed an action against Perlmutter and Sigma Payment Processing, Inc. (Doc. # 1).[1] Plaintiffs assert the following complaint counts against Perlmutter: misappropriation of trade secrets (count one); breach of contract (count two); fraud in the inducement (count three); breach of fiduciary duty (count four); constructive fraud (count five); tortious interference with a business relationship (count six); temporary and permanent injunctive relief (count seven) and civil conspiracy (count eight).

On October 10, 2011, Perlmutter filed her Motion to Dismiss the Complaint. (Doc. # 7). Plaintiffs filed a 22-page Response on October 31, 2011, and attached a 17-page affidavit to the Response. (Doc. ## 12, 12-1). Perlmutter moves to strike Plaintiffs' Response in Opposition to the Motion to Dismiss, inter alia, because it exceeds the limit of 20 pages imposed by the Court's Local Rules. Perlmutter also seeks an order striking the voluminous affidavit attached to the Response to the Motion to Dismiss, arguing that the Court should consider only the four corners of the Complaint.

---

[1] On October 11, 2011, Plaintiffs voluntarily dismissed their action against Sigma, leaving Perlmutter as the only Defendant in this action. (Doc. # 8).

## II.  <u>Legal Standard</u>

In deciding a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), a court must accept all factual allegations in a complaint as true and construe them in the light most favorable to the plaintiff.  <u>See</u> <u>United Techs. Corp. v. Mazer</u>, 556 F.3d 1260, 1269 (11th Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009).

"While a complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations, . . . a plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007)(internal citations and quotations omitted). "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true."  <u>Id.</u> (internal citations omitted); <u>River Ins. Co. v. Ground Down Eng'g, Inc.</u>,

4

540 F.3d 1270, 1274 (11th Cir. 2008)("To survive dismissal, the complaint's allegations must plausibly suggest that the plaintiff has a right to relief, raising that possibility above a speculative level; if they do not, the plaintiff's complaint should be dismissed.").

The Court notes that the Motion to Dismiss has not been converted into a motion for summary judgment because the Court has not considered matters outside the pleadings.[2] "Rule 7(a) defines 'pleadings' to include both the complaint and the answer, and Rule 10(c) provides that '[a] copy of any written instrument which is an exhibit to a pleading is a part thereof for all purposes.'" <u>Horsley v. Feldt</u>, 304 F.3d 1125, 1134 (11th Cir. 2002) (quoting Fed. R. Civ. P. 7(a) and 10(c)). Thus, the Court may consider the various exhibits attached to the Complaint without converting the Motion to Dismiss into one for summary judgment.

III.   **Analysis**

    A.   **Motion to Strike**

    Before delving into the merits of the Motion to Dismiss,

---

[2] When a document outside the pleadings is considered, Federal Rule of Civil Procedure 12(c) requires that "the motion be treated as a motion for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all materials made pertinent by such a motion."

the Court will address the Motion to Strike.  While the Court strongly advises the parties to comply with the Local Rules, including those rules containing page limitations, the Court declines to strike Plaintiffs' Response in Opposition to the Motion to Dismiss because it is two pages over the limit.

However, the Court will strike the lengthy affidavit of Christopher M. Leedom, which is attached to the Response to the Motion to Dismiss.  The affidavit is replete with factual allegations that do not appear on the face of the Complaint. It is apparent to the Court that Plaintiffs prepared the affidavit in a misguided attempt to bolster the Complaint and cure deficiencies identified in the Motion to Dismiss.  The affidavit has no place at this juncture, where the Court's analysis is confined to the four corners of the Complaint and documents attached thereto.[3]  Accordingly, the Motion to Strike is granted only to the extent that the Court strikes the affidavit attached to the Response to the Motion to

---

[3]  To the extent that Perlmutter moves to strike Plaintiffs' Response to the Motion to Dismiss because Plaintiffs interject new factual arguments therein, the Motion to Strike is denied.  It is not necessary to strike inappropriate factual remarks or arguments outside of the Complaint allegations.  The Court is capable of separating the wheat from the chaff, and it will appropriately confine its analysis to the Complaint and exhibits thereto as specified in Rule 12(b)(6).  The Court declines to convert this matter into a Motion for Summary Judgment.

Dismiss.

### B.   Analysis of Individual Complaint Counts

In this diversity case, the Court applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. <u>Tech. Coating Apps., Inc. v. United States Fid. & Guar. Co.</u>, 157 F.3d 843, 844 (11th Cir. 1998).  Furthermore, this Court must apply Florida law in the same manner that the Florida Supreme Court would apply it. <u>Brown v. Nichols</u>, 8 F.3d 770, 773 (11th Cir. 1993).

Here, the sufficiency of each and every Complaint count has been challenged.  The Court will address each count below.

### 1.   Misappropriation of Trade Secrets

In order to prevail on a claim for misappropriation of trade secrets under Florida law, a plaintiff must demonstrate that defendant misappropriated secret information from the plaintiff, of which the plaintiff made reasonable efforts to maintain the secrecy, resulting in damages. <u>Furmanite Am., Inc. v. T.D. Williamson, Inc.</u>, 506 F. Supp. 2d 1134, 1140-41 (M.D Fla. 2007).  Information that is generally known or readily available to third parties does not qualify for trade secret protection under Florida law. <u>Am. Red Cross v. Palm Beach Blood Bank, Inc.</u>, 143 F.3d 1407, 1410 (11th Cir. 1995). Florida Statute § 688.001, et seq., codifies Florida's

7

misappropriation of trade secret common law and defines "trade secret" as information that derives economic value from not being readily ascertainable by others and is the subject of reasonable efforts to maintain its secrecy. Fla. Stat. § 688.002(4).

In an action for misappropriation of trade secrets, the plaintiff bears the burden of demonstrating both that the specific information that it seeks to protect is secret and that it has taken reasonable steps to protect its secrecy. Lee v. Cercoa, Inc., 433 So. 2d 1, 2 (Fla. 4th DCA 1983). However, an employer cannot preclude its former employee from "utilizing contacts and expertise gained during his former employment." Templeton v. Creative Loafing Tampa, Inc., 552 So. 2d 288, 290 (Fla. 2d DCA 1989).

The Court's review of the Complaint reveals that each element has been satisfied. Plaintiffs allege that Perlmutter misappropriated confidential data, including its client list. (Doc. # 1 at ¶¶ 1, 29). Plaintiffs further allege, "Leedom's confidential information constitute trade secrets because they derive independent economic value from not being generally known to, and not being readily ascertainable by proper means by, other persons who can obtain value from their disclosure and use." Id. Plaintiffs also allege that they "took all

8

reasonable steps under the circumstances to maintain the secrecy of its trade secrets." Id. at ¶ 30.

The Offer Letter that Perlmutter signed upon commencing employment states in pertinent part:

> By signing this letter, you recognize that Leedom's business, financial structure, employee matters, computer software programs and reports, techniques, methods, pricing structure, systems, plans and policies, employees, former employees, customers, clients, potential customers and clients, customer contact persons, customer needs, customer references, leads and suppliers which you will obtain as a result of your employment with Leedom are proprietary in nature and are trade secrets of Leedom.  They will be disclosed to you only for use in your capacity as an employee of Leedom.

(Doc. # 1 at ¶ 14).  The fact that Plaintiffs required Perlmutter to sign the Offer Letter, an express agreement with the aim of protecting Plaintiffs' confidential data, supports Plaintiffs' allegation that it took steps to maintain the confidentiality of its trade secrets.

These allegations raise Plaintiffs' right to relief beyond the speculative level and amply support Plaintiffs' misappropriation of trade secrets claim.  Accordingly, the Motion to Dismiss is denied as to count one.

## 2.   Breach of Contract

In order to state a claim for breach of contract, Plaintiffs must establish: (1) the existence of a valid

9

contract;   (2) material breach thereof; and (3) damages flowing from the breach. <u>Murciano v. Garcia</u>, 958 So. 2d 423, 423 (Fla. 3d DCA 2007).

As noted above, Perlmutter signed an express agreement in which she agreed that certain items, such as Leedom's customer references, were trade secrets. (Doc. # 1 at ¶ 14). The contract also prohibited Perlmutter, within a certain temporal and geographical range, from disclosing Leedom's trade secrets, from competing with Leedom, and from soliciting Leedom's customers. <u>Id.</u>

In the Complaint, Plaintiffs alleged that Perlmutter breached these contractual provisions. Among other allegations, Plaintiffs allege that Perlmutter "commenced a telephone, mail and email campaign to solicit Leedom's clients to leave Leedom and continue their business" with Perlmutter's competing companies. (Doc. # 1 at ¶ 17). Plaintiffs also allege that Perlmutter has used Plaintiffs' confidential information and trade secrets for the benefit of Perlmutter's competing businesses. <u>Id.</u> at ¶ 18. Plaintiffs allege that they have been damaged by Perlmutter's conduct. <u>Id.</u> at ¶ 37.

The Complaint allegations are sufficient to withstand the Motion to Dismiss and the Court accordingly denies the Motion to Dismiss as to count two.

10

### 3.  <u>Fraud in the Inducement</u>

Perlmutter correctly argues that count three, for fraud in the inducement, is held to a heightened pleading standard. Rule 9(b), Fed.R.Civ.P., states, "In alleging fraud . . . a party must state with particularity the circumstances constituting fraud."  The Eleventh Circuit has commented that Rule 9(b) "serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral or fraudulent behavior." <u>Ziemba v. Cascade Int'l,</u> <u>Inc.</u>, 256 F.3d 1194, 1202 (11th Cir. 2001)(internal citations and quotation marks omitted).  Rule 9(b) is satisfied only if the complaint sets forth:

> (1) precisely what statements were made in what documents or oral representations or what omissions were made, and (2) the time and place of each such statement and the person responsible for making it (or, in the case of omissions, not making) same, and (3) the content of such statements and the manner in which they misled the plaintiff, and (4) what the defendants obtained as a consequence of the fraud.

<u>Id.</u> (internal citations and quotation marks omitted).

Here, the Complaint does not state the proverbial "who, what, when, where, and how" of the alleged fraud as required by Rule 9(b). <u>Mizzaro v. Home Depot, Inc.</u>, 544 F.3d 1230, 1237 (11th Cir. 2008).  Accordingly, the Court dismisses count

11

three without prejudice and with leave to amend.

### 4. __Breach of Fiduciary Duty and Constructive Fraud__

Plaintiffs have generally alleged the elements necessary for stating a breach of fiduciary duty claim.  Specifically, they allege that "Leedom and Perlmutter shared a relationship whereby (a) Leedom reposed trust and confidence in Perlmutter, and (b) Perlmutter undertook such trust and assumed a duty to advise, counsel, and/or protect Leedom.  Perlmutter breached her duties when she misappropriated Leedom's client list and, while in Leedom's employment, formed a competing business enterprise." (Doc. # 1 at ¶¶ 48-49). See White Construction Co. v. Martin Marietta Materials, Inc., 633 F. Supp. 2d 1302, 1325 (M.D. Fla. 2009)(stating the elements for breach of fiduciary duty).

Nevertheless, the Court determines that it is appropriate to dismiss this count without prejudice.  Simply reciting the elements of the cause of action is insufficient to withstand the Motion to Dismiss.  In addition, it appears that Florida law precludes the existence of a fiduciary relationship under the circumstances alleged.  As explained in White Constr. Co., 633 F. Supp. 2d at 1325, "It is the law of Florida that a cause of action for breach of fiduciary duty will not lie where the claim of breach is dependent upon the existence of

12

a contractual relationship between the parties.  This is true because the duty is owed only as a result of the existence of the contract." (internal citations and quotation marks omitted).

Here, the real breach, if any, was the breach of contract.  Based on the Complaint allegations, the breach of fiduciary duty count is subsumed by the breach of contract count.  In addition, even if there were a separate breach, the Court finds that the Complaint does not contain factual allegations in support of Plaintiffs' recitation of the breach of fiduciary duty elements.  Merely stating: "Leedom reposed trust and confidence in Perlmutter and Perlmutter undertook such trust and assumed a duty to advise, counsel, and/or protect Leedom" is woefully insufficient. Justice Benjamin Cardozo famously described the standards of a fiduciary as follows:

> Many forms of conduct permissible in a workday world for those acting at arm's length, are forbidden to those bound by fiduciary ties.  A trustee is held to something stricter than the morals of the market place. Not honesty alone, but the punctilio of an honor the most sensitive, is then the standard of behavior.

Meinhard v. Salmon, 249 N.Y. 458, 464, 164 N.E. 545, 546 (N.Y. 1928).

13

To survive a motion to dismiss, a complaint must contain sufficient factual allegations, which, accepted as true, "state a claim that is plausible on its face." <u>Ashcroft</u>, 129 S. Ct. at 1949.  Such allegations are not present here. The Complaint allegations do not support a finding that Perlmutter and Leedom shared a fiduciary relationship.  Accordingly, the Court grants the Motion to Dismiss as to count four, without prejudice, and with leave to amend.

In addition, because "constructive fraud occurs when a duty under a confidential or fiduciary relationship has been abused or where an unconscionable advantage has been taken," the Court determines that it is also appropriate to dismiss without prejudice count five, for constructive fraud. <u>Tardif v. People for the Ethical Treatment of Animals</u>, No. 2:09-cv-537-FtM-29SPC, 2010 U.S. Dist. LEXIS 103126, at *17 (M.D. Fla. Sept. 29, 2010).  The Court has determined that Plaintiffs failed to allege facts substantiating the breach of fiduciary duty count.  As the constructive fraud count is dependent on the breach of fiduciary duty count, the constructive fraud count must also be dismissed. <u>See</u> <u>Am. Honda Motor Co. v. Motorcycle Info. Network, Inc.</u>, 390 F. Supp. 2d 1170, 1179 (M.D. Fla. 2005)("These conclusory allegations are insufficient to properly allege the existence of a

14

confidential or fiduciary relationship, and as such, fail to state a claim for constructive fraud."). Plaintiffs are granted leave to amend the constructive fraud count.

### 5. Tortious Interference

Under Florida law, "the elements of tortious interference with a business relationship are: (1) the existence of a business relationship that affords the plaintiff existing or prospective legal rights; (2) the defendant's knowledge of the business relationship; (3) the defendant's intentional and unjustified interference with the relationship; and (4) damage to the plaintiff." Int'l Sales & Serv., Inc. v. Austral Insulated Prods., Inc., 262 F.3d 1152, 1154 (11th Cir. 2001) (citation omitted). The interference must be not only intentional and unjustified but also direct. See Lawler v. Eugene Wuesthoff Mem'l Hosp. Ass'n, 497 So. 2d 1261 (Fla. 5th DCA 1986).

The Complaint contains factual allegations satisfying each of these elements. To summarize, Plaintiffs allege that they had advantageous relationships with their clients, Perlmutter had knowledge of the advantageous relationships, Perlmutter was terminated and, thereafter, interfered with Plaintiffs' advantageous relationships by soliciting Plaintiffs' clients "to leave Leedom and receive services from

15

Perlmutter" instead. (Doc. # 1 at ¶ 59).  Plaintiffs also allege that they were damaged due to Perlmutter's conduct. <u>Id.</u> at ¶ 62.

Although Plaintiffs pled the necessary elements, Perlmutter seeks dismissal based on the argument that she is not a "stranger" to the business relationships.  "Florida appellate courts have explained that for the interference to be unjustified, the interfering defendant must be a third party, a stranger to the business relationship." <u>W.D. Sales & Brokerage, LLC v. Barnhill's Buffet of Tenn., Inc.</u>, 362 Fed. App'x 142, 143 (11th Cir. 2010) (citations omitted). Along the same lines, "a claim for tortious interference with contract cannot lie where the alleged interference is directed at a business relationship to which the defendant is a party." <u>Ernie Haire Ford, Inc. v. Ford Motor Co.</u>, 260 F.3d 1285, 1294 (11th Cir. 2001) (internal citations omitted). "A defendant is not a 'stranger' to a business relationship if the defendant has any beneficial or economic interest in, or control over, that relationship." <u>W.D. Sales</u>, 362 Fed. App'x at 143 (internal citations omitted).  Additionally, the general rule is that "an agent of a corporate party to a contract . . . cannot be considered to be a separate entity outside of the contractual relationship." <u>Abruzzo v. Haller</u>, 603 So. 2d

16

1338, 1340 (Fla. 1st DCA 1992).

Perlmutter's argument that she was not a "stranger" to the business relationships is misguided, at best. The Complaint frames a tortious interference claim with its allegations that Perlmutter, <u>after her termination</u>, interfered with business relationships between Plaintiffs and Plaintiffs' business contacts. The issue of whether Perlmutter interfered with Plaintiffs' business relationships while she was employed by Plaintiffs is not before the Court. Plaintiffs acknowledge that her interference began only after her termination. (Doc. # 12 at 15). Accordingly, the Motion to Dismiss is denied as to count six.

### 6. **Injunctive Relief**

"Count" seven is not a Complaint count at all, but rather a demand for temporary and permanent injunctive relief. The Court declines to "dismiss" this "count." The Court has already granted Plaintiffs' Motion for Temporary Restraining Order (Doc. # 28) and Plaintiffs' Motion for Preliminary Injunction (Doc. # 13) is currently pending before the United States Magistrate Judge. The Magistrate Judge has held several hearings on the merits of the Motion for Preliminary Injunction. (Doc. ## 37, 46). The Court need not address any arguments concerning whether injunctive relief is appropriate

17

within the context of this Rule 12(b)(6) Motion, and the Motion to Dismiss is denied as to "count" seven.

## 7. <u>Civil Conspiracy</u>

The elements of civil conspiracy are: "(1) an agreement between two or more parties (2) to do an unlawful act by unlawful means (3) the committing of an overt act in pursuance of the conspiracy and (4) damage to the plaintiff as a result of the act." <u>Bankers Life Ins. Co. v. Credit Suisse First Boston Corp.</u>, 590 F. Supp. 2d 1364, 1368 (M.D. Fla. 2008)(citing <u>Walters v. Blankenship</u>, 931 So. 2d 137, 140 (Fla. 5th DCA 2006)).

Plaintiffs allege in the Complaint that Perlmutter and Sigma Payment Processing, Inc., a defendant who has since been dismissed from this action, "conspired to solicit Leedom's customers through the use of Leedom's confidential clients list and in violation of Perlmutter's nondisclosure, nonsolicitation, and noncompete agreement with Leedom." (Doc. # 1 at ¶ 74). Plaintiffs also allege that Perlmutter and Sigma committed an overt act in furtherance of the conspiracy, inter alia, by sending an email on September 12, 2011, to Leedom's "confidential clients," resulting in damages. <u>Id.</u> at ¶¶ 76-77.

18

As explained in <u>Kee v. National Reserve Life Insurance Co.</u>, 918 F.2d 1538 (11th Cir. 1990), "The basis for the conspiracy must be 'an independent wrong or tort which would constitute a cause of action if the wrong were done by one person.'" <u>Id.</u> at 1542 (citing <u>Am. Diversified Ins. Servs. v. Union Fid. Life Ins. Co.</u>, 439 So. 2d 904, 906 (Fla. 2nd DCA 1983)). Stated another way, "An act which does not constitute a cause of action against one person cannot be made the basis of a civil action for conspiracy." <u>Kee</u>, 918 F.2d at 1542 (citations omitted). Here, the bases of the civil conspiracy are the independent torts of misappropriation of trade secrets and tortious interference with a business advantage. Accordingly, the Court denies the Motion to Dismiss as to count eight.

Accordingly it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1)   Defendant Susan Perlmutter's Motion to Dismiss (Doc. # 7) is **GRANTED** to the extent that Complaint counts three (fraud in the inducement), four (breach of fiduciary duty), and five (constructive fraud) are dismissed without prejudice. Plaintiffs may file an Amended Complaint to address the deficiencies identified above by **February 24, 2012.** The Motion to Dismiss (Doc. # 7) is

19

**DENIED** as to Complaint counts one (misappropriation of trade secrets), two (breach of contract), six (tortious interference with a business advantage), seven (injunctive relief) and eight (civil conspiracy).

(2)   Perlmutter's Motion to Strike Plaintiffs' Response in Opposition to Perlmutter's Motion to Dismiss and to Strike the Affidavit of Christopher Leedom filed in Support of such Response (Doc. # 13) is **GRANTED** only to the extent that the Affidavit of Christopher Leedom (Doc. # 12-1) is **STRICKEN**.   The Clerk is directed to remove the Affidavit of Christopher Leedom from the docket.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>15th</u> day of February, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies to: Counsel of Record

20