```
                UNITED STATES DISTRICT COURT
                 MIDDLE DISTRICT OF FLORIDA
                       TAMPA DIVISION
```

LEEDOM MANAGEMENT GROUP, INC.
and PAYMAXX PRO, LLC,

    Plaintiffs,
v.                                    Case No. 8:11-cv-2108-T-33TBM

SUSAN PERLMUTTER and SIGMA
PAYMENT PROCESSING,

    Defendants.
_____/

**ORDER**

This matter is before the Court on consideration of United States Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 55), filed on February 15, 2012, recommending that Plaintiffs' Motion for Preliminary Injunction (Doc. # 17) be granted.

On March 1, 2012, Defendant Susan Perlmutter filed her objections to the Report and Recommendation (Doc. # 66), and Plaintiffs responded (Doc. # 71) on March 13, 2012. For the reasons that follow, the Court adopts the Report and Recommendation as articulated herein.

**I.   Legal Standard**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright,

681 F.2d 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983).  In the absence of specific objections, there is no requirement that a district judge review factual findings de novo, Garvey v. Vaughn, 993 F.2d 776, 779 n.9 (11th Cir. 1993), and the court may accept, reject or modify, in whole or in part, the findings and recommendations.  28 U.S.C. § 636(b)(1)(C).  The district judge reviews legal conclusions de novo, even in the absence of an objection.  See Cooper-Houston v. S. Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994); Castro Bobadilla v. Reno, 826 F. Supp. 1428, 1431-32 (S.D. Fla. 1993), aff'd, 28 F.3d 116 (11th Cir. 1994) (Table).

**II.  Background**

Plaintiffs Leedom and Paymaxx are Florida companies with their principal place of business in Sarasota, Florida. (Doc. # 1 at ¶¶ 2-3).  Paymaxx is in the business of providing automated clearing house and credit card processing services to the automotive industry. Id. at ¶ 8.  Leedom is the "common paymaster" for Paymaxx. Id. at ¶ 9.  Defendant Susan Perlmutter worked for Leedom as Vice President of Paymaxx from February 14, 2011, to June 17, 2011. Id. at ¶¶ 10, 15.  Perlmutter has since moved to Tennessee. Id. at ¶ 4.

When Perlmutter commenced her employment with Plaintiffs, she signed "nondisclosure, nonsolicitation, and noncompetition

covenants" contained in her employment offer letter. Id. at ¶¶ 11-14. Plaintiffs allege that Perlmutter violated the terms of the offer letter by founding at least one competing company and copying and confiscating Leedom's documents containing private and confidential information for use in her competing business during her employment with Plaintiffs. Id. at ¶ 16.

After her employment was terminated, Perlmutter allegedly "commenced a telephone, mail, and email campaign to solicit Leedom's clients to leave Leedom and continue their business" with Perlmutter's competing business and "used Leedom's confidential information and trade secrets for Perlmutter's benefit." Id. at ¶ 18.

On September 16, 2011, Plaintiffs filed an action against Perlmutter and Sigma Payment Processing, Inc. (Doc. # 1).[1] At this juncture, after addressing Perlmutter's Motion to Dismiss (Doc. # 7), the following counts against Permlutter remain pending: misappropriation of trade secrets, breach of contract, tortious interference with a business relationship, temporary and permanent injunctive relief, and civil conspiracy.

---

[1] On October 11, 2011, Plaintiffs voluntarily dismissed their action against Sigma, leaving Perlmutter as the only Defendant in this action. (Doc. # 8).

Perlmutter has raised various affirmative defenses and asserts the following Counterclaims against Plaintiffs: breach of contract, unjust enrichment, tortious interference with advantageous business and contractual relationships and future relationships, bad faith, and fraud in the inducement. (Doc. # 68).

On December 20, 2011, Plaintiffs filed a Motion for a Temporary Restraining Order (Doc. # 26), which this Court granted on December 21, 2011. (Doc. # 28). Among other things, the Court's TRO barred Perlmutter from "competing with Plaintiffs within 50 miles of any place Plaintiffs conduct business, soliciting Plaintiffs' clients, or disclosing Plaintiffs' trade secret or confidential information . . . . [and] soliciting Plaintiffs' clients, or disclosing Plaintiffs' proprietary, trade secret or confidential information." Id. The Court also required Plaintiffs to post a $10,000.00 bond.

In addition, the TRO referred Plaintiffs' Motion for Preliminary Injunction (Doc. # 17) to Judge McCoun for the issuance of a Report and Recommendation. Judge McCoun entered his detailed Report and Recommendation on February 15, 2012. (Doc. # 55).

### III. Analysis

Judge McCoun held hearings on the Motion for Preliminary Injunction on January 5, 2012, and January 18, 2012. After examining the evidence against the touchstone of Rule 65, Fed.R.Civ.P., he determined that the Motion for Preliminary Injunction should be granted. Among other restrictions, Judge McCoun recommends that Perlmutter be enjoined from the following activities for a period not to exceed one year from the December 21, 2011, entry of the TRO:

(1) engaging in or assisting others in engaging in a business endeavor of the same nature and kind as that of Plaintiffs within a 50-mile radius of a location where Plaintiffs are conducting business;

(2) soliciting any entity or person with which or whom Plaintiffs have established a substantive business relationship as well as any current employee of Plaintiffs; and

(3) divulging Plaintiffs' confidential, proprietary or trade secret information and from otherwise disclosing any information relating to Plaintiffs to any entity for any reason, unless such disclosure is on Plaintiffs' behalf and reflects the best interests of Plaintiffs.

(Doc. # 55 at 20-21). Judge McCoun also recommends that the bond posted under the TRO should be increased to at least $50,000.00 based on Perlmutter's affidavit indicating that she is losing approximately $100,000.00 per month due to the restrictions currently in place. Id. at 21.

Perlmutter objects to the Report and Recommendation on Due Process grounds arguing that the recommended geographic and temporal restrictions are undefined and are thus impossible to comply with. The Court disagrees concerning the temporal parameters specified in the Report and Recommendation. Judge McCoun makes clear that the maximum duration of the Preliminary Injunction is until December 21, 2012, which is one year from the December 21, 2011, entry of the TRO.

The Court agrees with Perlmutter, however, that the Report and Recommendation does not provide clear guidance regarding how Perlmutter can determine "a 50-mile radius of a location where Plaintiffs are conducting business." Perlmutter correctly argues that "there is no way for [her] to properly be on notice of where she cannot compete, solicit or disclose in compliance with the restrictive covenants at issue. The lack of such notice is a Due Process problem which

renders Defendant unable to know how to comply with the recommended injunction." (Doc. # 66 at 3).

Furthermore, Perlmutter suggests that Plaintiffs have only demonstrated that they are conducting business in Sarasota, Florida, where Plaintiffs maintain their corporate headquarters. Accordingly, Perlmutter asserts that this Court should fashion the Preliminary Injunction so as to bar her from conducting business within 50 miles of Plaintiffs' Sarasota, Florida office.

Plaintiffs, on the other hand, seek a Preliminary Injunction imposing the broadest imaginable limitations on Perlmutter's employment possibilities, citing to cases in which courts have enforced non-compete agreements covering entire continents. See, e.g., Proudfoot Consulting Co. v. Gordon, 576 F.3d 1223 (11th Cir. 2009)(upholding geographic restriction covering North America, Canada, and Europe because the plaintiff conducted business there).

Plaintiffs maintain that Perlmutter must be restricted from doing business within 50 miles of any client listed on Exhibit "A" to Christopher M. Leedom's Affidavit in Support of Plaintiffs' Response to Defendant Perlmutter's Objection to the 2/15 Report and Recommendation for Preliminary Injunction

-7-

(the "Client List")(Doc. # 71-3 at 5-9).[2] The Client List is before the Court, and the Court observes that several Tennessee clients are listed therein (e.g., Ascent Auto Finance, which is located in Antioch, Tennessee and three Cleveland Tennessee companies: Buy Here Pay Here USA, Credit Corp Acceptance, and Sunrise Acceptance).

However, the Report and Recommendation recognized that "Defendant's formation and operation of Perlpay Systems in Tennessee does not violate the restrictive provisions as **Plaintiffs admittedly do not operate in the State of Tennessee**, and thus her activity there falls outside the geographic scope of the restrictive covenant." (Doc. # 55 at 55)(emphasis added).[3]

Here, Plaintiffs' arguments concerning the geographic scope of the Preliminary Injunction are stretched beyond their breaking point. Plaintiffs' assertion that the Court should use its Client List, including the Tennessee clients, in

---

[2] Plaintiffs indicate that it "has a list of names and locations of its clients not set forth in Exhibit A [the Client List]. However, appending it to this publically available Response would vitiate its protected status and render moot Plaintiffs' claims of confidentiality." (Doc. # 71 at 5).

[3] Other than that statement, the Report and Recommendation is silent regarding the locations in which Perlmutter may engage in business and the locations in which she is restricted from engaging in business.

tailoring the geographic limitations of the Preliminary Injunction is in direct conflict with the representations made to the Magistrate Judge that Plaintiffs are not conducting business in Tennessee. This argument is untenable and would present a truly unjust result for Perlmutter. In addition, Plaintiffs have admitted in their submission to this Court that the Client List is not a complete list. (Doc. # 71 at 5).

In representing to the Magistrate Judge that Plaintiffs are not conducting business in Tennessee and then arguing to this Court that Perlmutter should be prohibited from working in Tennessee because Plaintiffs have clients there, Plaintiffs are engaging in a subtle form of forum shopping. The Court will not tolerate this behavior. In addition, the Court must cure Perlmutter's valid objection that the proposed Preliminary Injunction leaves open for debate the geographic scope of the limitations on Perlmutter's employment. The onus of being subject to an injunction restraining one's ability to earn a living is one thing; however, the onus of operating under an ambiguous injunction that leaves room for doubt regarding whether one is in violation of the injunction is a burden that no one should have to bear.

The Court thus adopts the proposed Preliminary Injunction as stated in the Report and Recommendation in all respects

except as to the geographic scope of the Preliminary Injunction--more information is needed on this discrete issue.

The Court directs the parties to work together to fashion an agreement concerning the geographic scope of the Preliminary Injunction. That agreement should be such that a reasonable person in Perlmutter's shoes could easily distinguish territories that are open for business versus territories that are off limits because Plaintiffs are "conducting business" within a 50-mile radius. The Court directs the parties to agree to these terms without Court intervention because the parties are in the best position to understand the extent of their respective businesses and their applicable industry standards and because some of the relevant information is confidential and has not been made available to this Court. The parties shall file their agreement concerning the geographic scope of the Preliminary Injunction by March 29, 2012. If the parties are unable to agree on the geographic scope of the Preliminary Injunction, the Court will refer this matter to the Magistrate Judge for further proceedings.

Accordingly, it is now

**ORDERED, ADJUDGED,** and **DECREED:**

(1) United States Magistrate Judge Thomas B. McCoun's Report and Recommendation (Doc. # 55) is **ACCEPTED** and **ADOPTED** as detailed herein.

(2) Plaintiffs' Motion for Preliminary Injunction (Doc. # 17) is **GRANTED** consistent with the foregoing and subject to further refinement of the geographic scope of the Preliminary Injunction.

(3) The parties are directed to work together to fashion an agreement concerning the geographic scope of the Preliminary Injunction to be filed by March 29, 2012. If such agreement is not filed, the Court will refer this matter to the Magistrate Judge for further proceedings.

(4) Plaintiffs are required to post an additional $50,000.00 security, increasing the bond from $10,000.00, to $60,000.00.

**DONE** and **ORDERED** in Chambers, in Tampa, Florida, this 15th day of March, 2012.

VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE

Copies:  All Counsel of Record