UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

LEEDOM MANAGEMENT GROUP, INC., ET
AL.,

                    Plaintiffs,
v.                                  Case No.  8:11-cv-2108-T-33TBM

SUSAN PERLMUTTER, ET AL.,

                    Defendants.
_____/

## ORDER

     This matter comes before the Court pursuant to Defendant
Susan Perlmutter's Objections to the Magistrate Judge's May 9,
2012, Order (Doc. # 96) Concerning the Geographic Scope of
Injunction (Doc. # 109), which was filed on May 24, 2012.
Plaintiffs filed a Response in Opposition to the Objections
(Doc. # 113) on May 29, 2012.  On May 31, 2012, this Court
heard argument on this matter, and for the reasons stated at
the hearing and for the reasons set forth below, Defendant's
Objections to the Magistrate Judge's Order are sustained.

## I. Background

     Susan  Perlmutter  commenced  her  employment  as  Vice
President of Leedom in February of 2011, pursuant to the terms
of an Offer Letter.  Leedom terminated Perlmutter on June 17,
2011.  Plaintiffs initiated this action against Perlmutter on
September 16, 2011, asserting the following complaint counts:

misappropriation of trade secrets (count one); breach of contract (count two); fraud in the inducement (count three); breach of fiduciary duty (count four); constructive fraud (count five); tortious interference with a business relationship (count six); temporary and permanent injunctive relief (count seven) and civil conspiracy (count eight). At this juncture, after addressing Perlmutter's Motion to Dismiss (Doc. # 7), the following counts against Perlmutter remain pending: misappropriation of trade secrets, breach of contract, tortious interference with a business relationship, temporary and permanent injunctive relief, and civil conspiracy.

Perlmutter has asserted five counterclaims against Plaintiffs: (1) breach of contract; (2) unjust enrichment; (3) tortious interference with advantageous business and contractual relationships and future relationships; (4) bad faith; and (5) fraudulent inducement. (Doc. # 116).

On December 20, 2011, Plaintiffs filed a Motion for a Temporary Restraining Order (Doc. # 26) based on the Offer Letter that Perlmutter signed upon entering her employment with Leedom, which contains various restrictive covenants. In addition to seeking issuance of a TRO, Plaintiffs also filed a Motion for Preliminary Injunction based on the Offer Letter.

(Doc. # 17).   Specifically, the Offer Letter contains the following restrictive language:

> you expressly agree that during your employment by Leedom and **for a period of 1 year** thereafter, within a **50 mile radius of any location in which Leedom is conducting its business**, you shall not, directly or indirectly, either as an individual or for any other entity or person:(a) engage in any business or endeavor which is similar to all or any portion of the business of Leedom or undertake work for or with any entity which is engaged in any business or endeavor which is similar to all or any portion of the business of Leedom; or (b) disclose any information relating to Leedom to any entity for any reason, unless such disclosure is on Leedom's behalf and reflects the best interests of Leedom; or (c) solicit any entity which Leedom has established a substantive business relationship for a period of 1 year following the termination of your employment from Leedom.

(Doc. # 17-1 at 3)(emphasis added).  The Court granted the TRO on December 21, 2011. (Doc. # 28).  The TRO became effective on December 23, 2011, when Plaintiffs posted an injunction bond. (Doc. # 30).  The duration of the TRO was until the court ruled on the Motion for Preliminary Injunction.

The Magistrate Judge entered his Report and Recommendation recommending that the Motion for Preliminary Injunction be granted on February 15, 2012. (Doc. # 55). After reviewing the objections and other submissions of the parties, the Court substantially adopted the Report and Recommendation. Specifically, the Court enjoined Perlmutter

from engaging in the following activities until one year from

the date of the TRO, which was entered on December 21, 2011:

> (1)  engaging in or assisting others in engaging in
>       a business endeavor of the same nature and
>       kind as that of Plaintiffs within a 50-mile
>       radius of a location where Plaintiffs are
>       conducting business;
> (2)  soliciting any entity or person with which or
>       whom Plaintiffs have established a substantive
>       business relationship as well as any current
>       employee of Plaintiffs; and
> (3)  divulging     Plaintiffs'     confidential,
>       proprietary or trade secret information and
>       from otherwise disclosing any information
>       relating to Plaintiffs to any entity for any
>       reason, unless such disclosure is on
>       Plaintiffs' behalf and reflects the best
>       interests of Plaintiffs.

(Doc. # 72).[1]

     The Court did not adopt the Magistrate Judge's

nonspecific recommendation regarding the geographic scope of

the injunction.  This Court specifically commented:

> [T]he Report and Recommendation does not provide
> clear guidance regarding how Perlmutter can
> determine "a 50-mile radius of a location where
> Plaintiffs are conducting business."  Perlmutter
> correctly argues that "there is no way for her to

---

[1]  The Court notes that the Offer Letter restrains
Defendant only during her employment with Leedom and one year
thereafter.  It appears that the Offer Letter is self-limiting
and expires on June 17, 2012, a year from Perlmutter's
termination.  However, the Magistrate Judge recommended that
the Preliminary Injunction's duration extend beyond that time
period to December 21, 2012.  As Defendant has not objected to
the lengthened duration of the Preliminary Injunction, the
Court has not addressed it.

> properly be on notice of where she cannot compete,
> solicit or disclose in compliance with the
> restrictive covenants at issue.  The lack of such
> notice is a Due Process problem which renders
> Defendant unable to know how to comply with the
> recommended injunction."  Furthermore, Perlmutter
> suggests that Plaintiffs have only demonstrated
> that they are conducting business in Sarasota,
> Florida, where Plaintiffs maintain their corporate
> headquarters. . . . Plaintiffs, on the other hand,
> seek a Preliminary Injunction imposing the broadest
> imaginable limitations on Perlmutter's employment
> possibilities.

(Doc. # 72 at 6-7).

As to Plaintiffs' request that the 50-mile radius be determined using Plaintiffs' "Client List," the Court noted, "Plaintiffs' arguments concerning the geographic scope of the Preliminary Injunction are stretched beyond their breaking point.  Plaintiffs' assertion that the Court should use its client list . . . in tailoring the geographic limitations of the Preliminary Injunction is . . . untenable and would present a truly unjust result for Perlmutter." Id. at 8-9.

The Court gave the parties a period of time in which to try to resolve the issue of the geographic scope without further Court intervention.  The parties could not agree, and therefore, the Court referred the matter of the geographic scope of the Preliminary Injunction to the Magistrate Judge for further proceedings. (Doc. # 77).

On May 9, 2012, the Magistrate Judge entered an Order

explaining that Defendant "shall not compete either directly or indirectly with Plaintiffs for clients located within the listed zip codes. Defendant is free to conduct any form of business within the state of Tennessee." (Doc. # 96 at 3). The "listed zip codes" are the zip codes of Plaintiffs' clients, and Client List is filed at Doc. # 71-3 at 6-9. Defendant has lodged objections to the Magistrate Judge's Order, which are ripe for the Court's review.

## II. Legal Standard

A district court shall consider objections to a magistrate judge's order on nondispositive matters and modify or set aside any portion of the order if it is found to be "clearly erroneous" or "contrary to law." Fed. R. Civ. P. 72(a). A finding of fact is clearly erroneous only if the reviewing court is left with a definite and firm conviction that a mistake has been made. See Ford v. Haley, 195 F.3d 603, 617 (11th Cir. 1999). A finding is contrary to law if it fails to apply or misapplies relevant statutes, case law, or rules of procedure. 800 Adept, Inc. v. Murex Sec., Ltd., Case No. 6:02-cv-1354-Orl-19AB, 2007 U.S. Dist. LEXIS 70861, at *6 (M.D. Fla. Sept. 25, 2007).

## III. Analysis

Defendant objects to the Magistrate Judge's Order

defining the geographic scope of the Preliminary Injunction to
the extent that the "Order does not explicitly connect the
finding on geographic scope to footnote 21 of the original
report and recommendation that any geographic limitation
applies to all three aspects of the injunction: non-compete,
non-solicitation, and non-disclosure." (Doc. # 109 at 1).[2]

Defendant also objects to the Order arguing that
Plaintiffs failed to establish that they are conducting
business in any of the zip codes outside of Florida to which
the Order applies.[3]  Defendant maintains that the 50-mile
radius should apply to Sarasota, Florida, only.

Plaintiffs, on the other hand, assert that, "a plain
language analysis of the Offer Letter shows that Leedom is
conducting business in states other than Florida." (Doc. # 113

---

[2] Footnote 21 in the original Report and Recommendation
says "These three covenants are limited geographically such
that Perlmutter is prohibited from engaging in these
activities within a 50-mile radius of any location where
Leedom is doing business, and temporally in that the
restrictions apply during her employment and one year
thereafter." (Doc. # 55 at n. 21).

[3] Note, the Magistrate Judge determined that the
Preliminary Injunction applied to prohibit Defendant from
"compet[ing] either directly or indirectly with Plaintiffs for
clients" in zip codes in which Plaintiffs have clients on the
Client List.  The Client List contains no less than 205
clients located in the vast majority of the 50 states.

at 2). Plaintiffs also contend that Leedom is "engaged in regular, continuous, and systematic business in all of the locations set forth in Exhibit A to the Offer Letter." Id.

After analyzing the entire record and hearing the oral arguments of the parties, the Court finds that it is unfair and impractical to restrain Defendant's ability to work based on the location of Plaintiffs' clients as listed on the Client List. This Court echos its prior holding as stated in its Order dated March 15, 2012, that limiting Perlmutter's ability to earn a living by using the Client List would be "untenable and would present a truly unjust result for Perlmutter." (Doc. # 72 at 9).

In addition to finding that the current interpretation of the Offer Letter is unfair to Defendant, the Court also finds that the Offer Letter itself is patently ambiguous. Its intrinsic ambiguity is evidenced by the fact that, after multiple hearings and conflicting court filings, the extent of the restrictive covenants contained in the Offer Letter is still unresolved and genuinely disputed. Furthermore, the omnifarious ambiguity of the Offer Letter is the source of the present, protracted proceedings. As the Offer Letter was drafted by Plaintiffs, the Court will construe the ambiguous provisions therein against Plaintiffs. See Gorman v. Kelly,

658 So. 2d 1049, 1052 (Fla. 4th DCA 1995)("In finding the
contract ambiguous, that is susceptible to both parties'
interpretations, the contract must be construed against the
draftsman."). In addition, in interpreting the Offer Letter,
the Court ascribes ordinary meaning to the words and phrases
therein. See <u>Auto-Owners Ins. Co. v. E.N.D. Servs.</u>, 8:10-cv-
2387-T-30EAJ, U.S. Dist. LEXIS 144585 at *6-7 (M.D. Fla. Dec.
15, 2011)(Using "generally accepted rules of contract
construction . . . [t]erms are to be given their plain and
ordinary meaning.").

Construing the ambiguous provisions against Plaintiffs
and using a plain language reading of the Offer Letter, the
Court finds that (1) the temporal scope of the restrictive
covenants contained in the Offer Letter is one year from the
date of the entry of the TRO (expiring on December 21, 2012);
(2) the geographic scope of the restrictive covenants
contained in the Offer Letter is 50 miles from Sarasota,
Florida; and (3) the aforementioned temporal and geographic
limitations apply to all three restrictive covenants contained
in the Offer Letter (competition, solicitation, and
disclosure). Contrary findings contained in the Order
Concerning Geographic Scope of the Preliminary Injunction
(Doc. # 96) are overturned.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED:**

(1)    Defendant Susan Perlmutter's Objections to the Magistrate
       Judge's May 9, 2012, Order (Doc. # 96) Concerning the
       Geographic Scope of Injunction (Doc. # 109) are
       **SUSTAINED.**

(2)    The Magistrate Judge's Order (Doc. # 96) is **OVERTURNED** as
       specified herein.

       **DONE** and **ORDERED** in Chambers in Tampa, Florida, this <u>4th</u>
day of June, 2012.


                                    VIRGINIA M. HERNANDEZ COVINGTON
                                    UNITED STATES DISTRICT JUDGE


Copies: All Counsel of Record